**ERTLE et al. v. UNITED STATES.**

. No. 49610.

United States Court of Claims.

Decided Nov. 7, 1950.

K. J. Ertle, Cleveland, Ohio, for plaintiffs.

John A. Rees, Washington, D. C., with whom was Asst. Atty. Gen. Theron Lamar Caudle, for defendant. Andrew D. Sharpe, Washington, D. C., on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

. JONES, Chief Judge.

This is a suit to recover $18,643.51 alleged to have been paid on February 24, 1950, to the Collector of Internal Revenue at Cleveland, Ohio. The petition alleges that the collections were made as the result of penalty assessments against all of the plaintiffs jointly, under the authority set out in Section 2707 (b) and Section 1718 (c) of the Internal Revenue Code, 26 U.S.C.A. §§ 2707(b) 1718(c); that the amount was paid under protest and was accepted by the Collector accompanied by a receipt from the Deputy Collector to the effect that the payment was made under protest and in no manner affecting defenses which have been or may be raised to the payment of said penalty assessments. The plaintiffs further allege that they did not at any time willfully neglect or fail to collect, truthfully account for or pay over any of the taxes which are the subject matter of these penalty assessments involved.

The petition, however, does not allege that plaintiffs or any of them at any time filed a claim for refund of the amount of the tax penalty.

The defendant demurs to the petition on the ground that the failure to file a claim for refund bars any right of recovery in this Court. The applicable provision of the Internal Revenue Code is as follows:

"§ 3772. Suits for refund

"(a) *Limitations*

"(1) *Claim.* No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C.A. § 3772.

 We have no choice but to sustain the demurrer. The provision of the statute is plain. The filing of a claim for refund is an essential condition to the maintenance of a suit to recover amounts claimed to have been illegally collected. United States v. Felt & Tarrant Manufacturing Co., 283 U.S. 269, 272, 51 S.Ct. 376, 75 L.Ed. 1025; Wisconsin National Life Insurance Co. v. United States, 42 F.2d 316, 70 Ct. Cl. 433, 438; Pacific Mutual Life Insurance Co. v. United States, 44 F.2d 887, 71 Ct. Cl. 164, 167; Dixie Margarine Co. v. United States, 12 F.Supp. 543, 81 Ct.Cl. 944, 948, certiorari denied, 297 U.S. 713, 56 S.Ct. 589, 80 L.Ed. 999.

We quote from the Felt & Tarrant Manufacturing Co. case, supra [283 U.S. 269, 51 S.Ct. 377], the following: "The filing of a claim or demand as a prerequisite to a suit to recover taxes paid is a familiar provision of the revenue laws, compliance with which may be insisted upon by the defendant, whether the collector or the United States."

The decisions in the other cases cited are to the same effect.

The plaintiffs insist that the filing with the Collector of Internal Revenue of claims for abatement in regular form which claims for abatement were denied prior to the payment of the penalty made it useless for the plaintiffs to file a claim for a refund.

 We cannot construe the protest and claim for abatement made prior to the payment of the tax as being a compliance with the plain wording of the statute which requires the filing of a claim for a refund within a stated period after payment as being sufficient to confer jurisdiction upon this Court which it does not otherwise possess.

The demurrer is sustained and plaintiff's petition dismissed.

HOWELL, MADDEN, WHITAKER and LITTLETON, Judges, concur.