**ALEXANDER PROUDFOOT COMPANY,**
a corporation

v.

**The UNITED STATES.**

No. 268–70.

United States Court of Claims.

Feb. 18, 1972.

John B. Jones, Jr., Washington, D. C., attorney of record, for plaintiff. Covington & Burling, Richard A. Brady and John D. Hushon, Washington, D. C., of counsel.

Frances M. Foltz, Washington, D. C., with whom was Asst. Atty. Gen. Scott P. Crampton, for defendant. Philip R. Miller, and Joseph Kovner, Washington, D. C., of counsel.

Before COWEN, Chief Judge, LARAMORE and DURFEE, Senior Judges, and DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

On Plaintiff's Motion And Defendant's Cross-Motion for Summary Judgment.

DAVIS, Judge.

Standing squarely on Motor Fuel Carriers, Inc. v. United States, 420 F.2d

702, 190 Ct.Cl. 385 (1970), plaintiff Alexander Proudfoot Company sues for refund of the pre-notice interest it paid on deficiencies in accumulated earnings tax for each of the eight years 1960 through 1967. With respect to the first six years (1960–1965), the Government's threshold defense is that no timely claims for refund were filed and therefore this refund suit is wholly precluded, whatever its merits might otherwise be. For 1966 and 1967, on the other hand, it is admitted that informal but adequate refund claims were presented, and the only defense is that we should overrule *Motor Fuel Carriers*. It is unnecessary to detail the facts and figures which are set forth in the cross-motions for summary judgment. The Government agrees that for each year taxpayer paid, very shortly after notice and demand, the amounts of accumulated earnings tax set out in the respective deficiency notices, together with interest from the return due date for the particular year. On its side, the taxpayer admits that, prior to beginning this action, it filed no refund claims (relating to the six years 1960–1965) for the interest for which it now sues.[1] These simple facts are enough for our decision.

I

The initial question, for 1960–1965, is whether taxpayer's right to bring this refund suit is controlled by the special sections of the Internal Revenue Code on tax refund claims and actions, or whether it is governed by the general provisions regulating the institution of suits against the Government in this court (including the over-all six-year statute of limitations, 28 U.S.C. § 2501). If the former apply, plaintiff's suit is concededly barred since it is common ground that, if the special tax requirements are applicable, they dominate and exclude the general pre-conditions for suit against the United States. See United States v. A. S. Kreider Co., 313 U.S. 443, 61 S.Ct. 1007, 85 L.Ed. 1447 (1941).

Defendant's chief argument for use of the Revenue Code's special mechanism proceeds through a step-by-step invocation of related sections of the Code dealing with refund claims and litigation. Section 7422(a), 26 U.S.C. § 7422(a), forbids, in all-inclusive words, any suit "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected," until a proper refund or credit claim has been filed.[2] Section 6511, in turn, first requires that claims "for credit or refund of an overpayment of any tax imposed by this title [the Internal Revenue Code], in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid"[3]; and, second, bars any credit or refund unless such a claim is timely presented.

Next, the Government asserts that plaintiff's suit for refund of the pre-notice interest collected fails under both of these mandatory prerequisites. An ad-

---

1. The last payment for any of those years was made on November 28, 1966, over 3½ years before the filing of the petition here in August 1970. We are informed that protective refund claims were filed, after the institution of suit, in February 1971, more than four years after the last payment.

2. If the interest sought here is not included in "any internal revenue tax alleged to have been erroneously or illegally assessed

or collected," then it is covered by "any sum alleged to have been excessive or in any manner wrongfully collected." See *Flora v. United States*, 362 U.S. 145, 149–150, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), as well as note 11, *infra*, and the accompanying text.

3. Taxpayer concedes that it has not met these preconditions with respect to 1960–1965. See note 1, *supra*.

ministrative refund claim was required, it is said, because the Revenue Code compels this interest to be treated under § 6511, *supra,* as part of a "tax imposed by this title" (the Revenue Code). The interest was assessed and collected by the Service under Section 6601(a):

> If any amount of tax imposed by this title (whether required to be shown on a return, or to be paid by stamp or by some other method) is not paid on or before the last date prescribed for payment, interest on such amount at the rate of 6 percent per annum shall be paid for the period from such last date to the date paid.

Reading on this provision, subsection (f) (1) of § 6601 then declares that "interest prescribed under this section [§ 6601] on any tax * * * shall be assessed, collected, and paid in the same manner as taxes," and also that "any reference in this title (except subchapter B of chapter 63, relating to deficiency procedures) to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax." The defendant's argument is that, according to these provisions, the pre-notice interest assessed on and collected from taxpayer (together with the principal of the accumulated earnings tax) is so-called "deficiency" interest— interest on the amount of tax which is said to be unpaid—which is dealt with by the Code as a constituent part of the tax itself.[4] The conclusion, on this view, is that a refund claim must be timely filed for such interest if it has been paid, and that without that claim a

refund suit does not lie, just as in the case of an action for return of the principal (United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 272, 51 S.Ct. 376, 75 L.Ed. 1025 (1931)) or a penalty (Ertle v. United States, 93 F.Supp. 619, 118 Ct.Cl. 57 (1950)).

If one accepts its premises, this chain-of-reasoning cannot be faulted, but plaintiff's response is to reject the basic proposition that § 6511 applies here, and to affirm that the only governing limitations period is the six years prescribed by 28 U.S.C. §§ 2401 and 2501.[5] Admittedly, the special prerequisites established by the Revenue Code control recovery of the interest sued for only insofar as that interest is placed by the Code under § 6511 (therefore falling automatically under § 7422(a)[6]). Taxpayer's point is that § 6511 does not in terms speak of interest but only of an "overpayment of any tax" and that the alleged deficiency interest claimed in this case does not come under § 6601, on which the Government relies to insert the interest into § 6511. The reason given is that § 6601(f) (1), *supra,* which equates interest to a "tax imposed by this title", refers only "to interest imposed by this section [§ 6601] on such [principal] tax", and *Motor Fuel Carriers, Inc.* has now held that the pre-notice interest sued for was *not* lawfully imposed under any part of § 6601. In the same vein, plaintiff indicates that § 6601(f) (1) also provides that "[i]nterest *prescribed under this section* [§ 6601] on any tax * * * shall be assessed, collected, and paid in the same

---

4. The exception in § 6601(f) (1) for "subchapter B of chapter 63, relating to deficiency procedures" concerns deficiency notices, as well as appeals to and redeterminations by the Tax Court. Those sections, designed to stay collection until opportunity has been had for review by the Tax Court, are not applicable to the present case.

5. Section 2401(a): "Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. * * *."

Section 2501: "Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues. * * *."

6. Section 7422 (a) precludes a refund suit "until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof." Section 6511 is the applicable "provision of law in that regard."

manner as taxes" (emphasis added). The contention is that this critical statutory language in § 6601(f) (1)—"interest imposed by this section on such tax" and "interest prescribed under this section on any tax"—necessarily confine the subsection to interest rightly or properly or lawfully imposed by the Revenue Service under § 6601, leaving uncovered all interest imposed in fact, but erroneously, by the Service under the section.[7] It follows, according to this argument, that plaintiff's suit, falling wholly outside the special framework for tax refund litigation, is a simple action against the United States for debt or non-tortious liquidated damages, money owed to the company by the United States, falling under the general provisions of the Tucker Act, 28 U.S.C. § 1491,[8] and as such meeting the ordinary requirement of 28 U.S.C. §§ 2401 and 2501, *supra,* note 5, that it be brought within six years.

We think that taxpayer's reading of § 6601(f) (1), though textually possible, is the less acceptable construction because it runs against the grain of the statutory pattern for recovery of deficiency interest assessed and collected on a principal amount of tax thought by the Service to be owing. The Code's design for such interest is to assimilate it to the tax itself, so that the taxpayer who pays both (as he ordinarily would under Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960)) can and should proceed to seek to re-cover both together through one proceeding. For a long time, deficiency interest has been so closely braided to principal that it has been deemed an integral part of the tax. That is plainly a major purpose of § 6601(f) (1), *supra,* which follows many predecessors with the same aim. The hair is to go with the hide.

On this basis, plaintiff correctly admits that, if a taxpayer after assessment and payment of a deficiency on income tax (plus deficiency interest), sues for refund of the tax (including the interest), the interest demand would be as much governed by § 6511 as the claim for the tax itself, and could not be separated out from the requirement of a proper and timely administrative claim.[9] But if such a claimant is correct as to the principal of his tax, the deficiency interest he paid would not have been lawfully or rightly or properly imposed under § 6601, and § 6601(f) (1) could only apply in that situation (as plaintiff concedes it must) by interpreting "interest imposed by this section on such tax" and "interest prescribed under this section on any tax" as meaning deficiency interest in fact imposed on the tax by the Internal Revenue Service under § 6601, though erroneously so.

We see no adequate reason why that reading should be adopted for § 6601(f) (1) where the taxpayer challenges the underlying tax (and the validity of the deficiency interest depends entirely on the lawfulness of that tax), but not

---

7. Another of plaintiff's textual arguments is that, apart from § 6601(f) (1), § 6511(a) cannot apply under its own terms because that section (aside from taxes paid by stamp) controls only taxes where a return is required, and *Motor Fuels* held that no return is required for the accumulated earnings tax. The simplest answer is that § 6511(a) was obviously intended to cover all taxes, whether or not a return is required, and its wording can easily carry that understanding since it expressly provides for the case where "no return was filed by the taxpayer."

8. "The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

9. Plaintiff agrees, for instance, that "an independent action to recover the interest on the ground it was erroneously assessed and collected could not be maintained after recovery of the related tax is barred * * *."

where, as here, the claimant attacks only the interest itself as invalid (and the propriety of the tax itself is not at issue). It is unusual to give the very same words in the same provision of a statute quite different meanings depending on the circumstances. Perhaps it might be done if counselled by strong reasons of policy or strong indications from the other parts of the legislation. But there are none such here; rather, the opposite is true. The twin devices of the refund claim and the shortened limitations period are intrenched in federal tax law, are very well known to informed taxpayers, and serve purposes Congress deems important. "The filing of a claim or demand as a prerequisite to a suit to recover taxes paid is a familiar provision of the revenue laws, compliance with which may be insisted upon by the defendant * * *. One object of such requirements is to advise the appropriate officials of the demands or claims intended to be asserted, so as to insure an orderly administration of the revenue * * *. The necessity for filing a claim such as the statute requires is not dispensed with because the claim may be rejected. It is the rejection which makes the suit necessary. An anticipated rejection of the claim, which the statute contemplates, is not a ground for suspending its operation." United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 272–273, 51 S.Ct. 376, 378, 75 L.Ed. 1025 (1931). We have said, similarly, that the requirement of an adequate refund claim (Union Pacific R. R. v. United States, 389 F.2d 437, 442, 182 Ct.Cl. 103, 109 (1968)):

> is designed both to prevent surprise and to give adequate notice to the Service of the nature of the claim and the specific facts upon which it is predicated, thereby permitting an ad-

ministrative investigation and determination. United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619 (1933). In addition, the Commissioner is provided with an opportunity to correct any errors, and if disagreement remains, to limit the scope of any ensuing litigation to those issues which have been examined and which he is willing to defend.

See, also, Commercial Solvents Corp. v. United States, 427 F.2d 749, 754, 192 Ct.Cl. 339, 348, cert. denied, 400 U.S. 943, 91 S.Ct. 242, 27 L.Ed.2d 247 (1970). In like fashion, the shorter limitation statute for tax refund suits has been said by the Supreme Court to reflect congressional recognition "that suits against the United States for the recovery of taxes impeded effective administration of the revenue laws * * *." United States v. A. S. Kreider Co., 313 U.S. 443, 447, 61 S.Ct. 1007, 1010, 85 L.Ed. 1447 (1941).

All of these goals are advanced by adhering to the claim requirement (as well as truncated limitations) even where deficiency interest alone is at stake. There is no greater burden on the taxpayer than where the principal amount of the tax and the deficiency interest are both challenged. The Service, on the other hand, has just as much need to know that its determination is being attacked.[10]

In addition, there are indications in closely related legislation suggesting the defendant's interpretation of § 6601(f)(1). One is the phrasing of a comparable part of § 6511(a)—"Claim for credit or refund of an overpayment of *any tax imposed by this title* * * * shall be filed" within specified periods (emphasis added). In this context, "any tax imposed by this title" cannot mean

10. Plaintiff suggests that, if the Service happened to impose deficiency interest at 9% rather than the allowable 6%—perhaps through the fluke of a not-so-omniscient computer—the taxpayer could bring "an independent action not subject to the requirements of a tax refund claim" to re-

cover the excess. We agree, however, with the Government that that is precisely one situation in which Congress would want the Service to have an opportunity to correct its mistake before litigation was begun.

rightfully or properly imposed, but must mean imposed in fact by the Service under the Internal Revenue Code; otherwise, the claim requirement would be entirely negated whenever the taxpayer's refund demand was determined by a court to be correct. So it would not be at all unique or untoward to read the parallel portion of § 6601(f) (1) in the same way.

Another hint that deficiency interest is to be treated the same as the underlying tax for recovery purposes flows from Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). The Supreme Court, interpreting 28 U.S.C. § 1346(a) (1) to preclude a refund suit where only part of the deficiency assessment had been paid,[11] said that "one obvious example" of the statutory phrase hinging on "any sum" is interest. 362 U.S. at 149–150, 80 S.Ct. 630. The Court traced § 1346(a) (1) to a section in the old Revised Statutes specifying that recovery suits for taxes, penalties, or sums could not be maintained until after a refund claim had been submitted to the Commissioner of Internal Revenue. 362 U.S. at 152 and 155–6 n. 16, 80 S.Ct. 630. The present relevance of this Flora discussion is that 26 U.S.C. § 7422, supra, barring refund suits prior to an administrative claim, is descended from the same portion of the Revised Statutes (see 362 U.S. at 156 n. 16, 80 S.Ct. 630), and therefore the "any sum" language in § 7422 undoubtedly covers deficiency interest. See note 2, supra. That provision, in other words, seems founded on the implicit assumption that taxpayers would have to go to the Commissioner with their claims for refund of deficiency interest before going to court. See 362 U.S. at 156 n. 16, 80 S.

Ct. 630. If plaintiff were right that a refund claim is unnecessary, the "any sum" phrase in § 7422 would have minimal (perhaps no) coverage since (as we shall presently point out) a suit for so-called "statutory" interest does not demand that such a prior administrative claim be filed within a restricted period.

As just indicated, the Revenue Code deals quite differently with statutory interest payable by the Government on overpayments. Regulated by §§ 6611–6612, that form of interest is paid by the United States, not as a refund of interest previously paid by the taxpayer on demand of the Service, but simply because the Government has had the use of money found to belong to the taxpayer. Typical is interest on an overpayment; when plaintiff recovers in the present suit the deficiency interest it paid for 1966 and 1967 (see Part II, infra), it will receive, in addition to the amount of those payments, statutory interest as part of its recovery.[12] Unlike deficiency interest paid by the taxpayer, Congress did not provide that statutory interest to be paid by the United States is to be fully assimilated in treatment to the principal amount of a tax. Nor does the Code extend the refund claim mechanism of § 6511 to such interest, or tie a special limitations period to the filing of such a claim. The result is that the ordinary six-year limitations statute controls (see Barnes v. United States, 137 F.Supp. 716, 718, 133 Ct.Cl. 546, 548, cert denied, 351 U.S. 933, 76 S.Ct. 789, 100 L.Ed. 1462 (1956); Colgate-Palmolive-Peet Co. v. United States, 58 F.2d 499, 503, 74 Ct.Cl. 562, 570 (1932)) and no claim need be filed within the time limits of § 6511.

11. Section 1346(a) (1) gives the district courts jurisdiction, "concurrent with the Court of Claims", of

"Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner

wrongfully collected under the internal revenue laws;".

12. True to its theory that this is not a tax refund suit but one for liquidated damages under 28 U.S.C. § 1491 (note 8, supra), taxpayer says that it is not entitled to such statutory interest. Since we reject its basic position, we of course reject the accompanying concession.

This is the rule applied by the only authorities cited by plaintiff as supporting its position, all of which are confined to statutory interest. Rev.Rul. 56–506, 1956–2 Cum.Bull. 959, concerned refund of "accrued interest allowable under section 6611 with respect to an allowed credit for overpayment of excise tax taken on an excise tax return." The Service held that "the three-year period of limitations provided by section 6511 of the Code applies only to a claim for credit or refund of tax, penalty and interest, *collected* from a taxpayer" (emphasis in original) and is therefore inapplicable, and also that the six-year limitations statute alone governs suit for and allowance of such statutory interest. Rev.Rul. 57–242, 1957–1 Cum.Bull. 452, reiterated that the six-year statute controls "since a statutory period of limitations for the allowance and payment of interest [by the Government] on an overpayment of tax is not provided for in the Internal Revenue Code of 1954 (nor in the 1939 Code) * * *." In Murphy v. United States, 78 F.Supp. 236, 239 (S.D.Cal.1948), the taxpayer sued for interest which the Government refused to pay in refunding an alleged overpayment of tax; the court ruled that she did not have to file a refund claim within three years (under a predecessor of § 6511) and, again, that the general six-year period of limitations governed. Though the literal words of one or two sentences of the opinion, in isolation, could be read as going further than the issue of statutory interest presented by the case, we think that the court was thinking only of that situation, not of a suit, like this, for refund of deficiency interest collected from the taxpayer.

The sum of it is that plaintiff sues for deficiency interest collected from it, that Congress has distinguished markedly between a refund of that kind of interest paid by a taxpayer and statutory interest payable by the Government on an overpayment, and that it fits much better with the general pattern of the Internal Revenue Code to read the pertinent sections (as their wording permits) to require compliance with the requirements of § 6511 even though the validity of the underlying tax is not at all in issue.

■ We hold, therefore, that, with respect to 1960–1965, taxpayer is barred from suit because it failed to file a timely claim for refund within § 6511.

II

■ The sole problem for 1966–1967 is whether interest on an accumulated earnings tax deficiency is computed from the day the return was due, or only from the time of notice and demand— and that is no longer a problem for us. Motor Fuel Carriers, Inc. v. United States, 420 F.2d 702, 190 Ct.Cl. 385 (1970), held that the latter was the correct solution. We have followed *Motor Fuel Carriers* by orders in some thirty-three other cases.[13] The Sixth and Ninth circuits have agreed with our conclusion. Ray E. Loper Lumber Co. v. United States, 444 F.2d 301 (C.A. 6, 1971); Bardahl Mfg. Corp. v. United States, C.A. 9, 452 F.2d 604, decided December 23, 1971. There is no reason to depart from this consistent line of decision. Taxpayer is entitled to recover for 1966 and 1967.

Accordingly, the plaintiff's motion for summary judgment is denied as to 1960–1965 and granted as to 1966–1967, while the defendant's cross-motion is denied as to 1966–1967 and granted as to 1960–1965. The petition is dismissed as to 1960–1965. The amount of recovery for 1966 and 1967 will be determined under Rule 131(c).

SKELTON, Judge (concurring):

This case troubles me. The government has collected money from the plaintiff that plaintiff did not owe and

---

13. Chatham Corp. v. United States, No. 142–70, order of October 22, 1971; Clearwater Land Company Inc. v. United States, No. 314–70 and other cases, order of January 28, 1972.

to which the government is not entitled. It is understandable that the plaintiff feels that it is not right, just, nor equitable for the government to keep the money.

On the other hand, even though I sympathize with the plaintiff, I see no legal way it can recover the money. While it is true that the plaintiff could not during 1960–1967 foresee the decision in Motor Fuel Carriers, Inc. v. United States, 420 F.2d 702, 190 Ct.Cl. 385 (1970), and cases following it to the effect that interest does not accrue on an accumulated earnings tax until the government serves notice that the tax is due, nevertheless, it could have taken the same position as the plaintiff did in that case and could have filed protective claims for the refund of the interest. When it did not do so within the statutory period of three years, its claim became barred by the statute of limitations, as stated in the court's decision.

By hindsight, the plaintiff now realizes that by reason of our *Motor Fuel Carriers* decision, neither the accumulated earnings tax nor interest thereon was due until the government served the notice, although only interest was involved in that case. While the tax was owed in that case, it was not due until the notice was served. This necessarily follows, because if the tax had been due, interest would have accumulated and would have been due also. Under these circumstances, the plaintiff finds itself in a situation where neither the tax nor interest was due. Yet, the government collected interest that had neither accumulated nor was due and refuses to refund it. It is easy to understand why the plaintiff would feel that it is not right nor just for the government to keep the interest money under these circumstances. However, statutes of limitations are not based on fairness nor justice, but have as their purpose the prevention of litigation unless the interested party acts within the prescribed time. Many just and legal claims have

been barred by the statute of limitations.

Here the plaintiff says in at least one place in its brief that the money involved here is not interest. However, the government assessed or demanded it as interest, the plaintiff paid it as interest, and the government received it and credited it as interest. Furthermore, in plaintiff's petition, it refers to the payment as interest as follows:

2. Plaintiff brings this suit to recover from the United States interest payments erroneously assessed and collected.

The plaintiff refers to the payments as interest in several other places in its petition. There is no question but what both parties considered them as interest from the beginning. Consequently, even if not considered as a tax or penalty, the payments would be included in "any sum alleged to have been excessive or in any manner wrongfully collected," within the meaning of 26 U.S.C. § 7422(a). This brings into play Section 6511 and Section 6601, which treats such interest as a part of the tax itself, as stated in the opinion of the court. This is also the holding of the Supreme Court in Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). There the court said the term "any sum" includes interest.

Under these facts and the law, the plaintiff was required to file a claim for refund within three years as provided by 26 U.S.C. § 6511. Since it did not do so, its claim is barred by 26 U.S.C. § 7422(a). The six-year statute of limitations for the filing of suits in this court (28 U.S.C. §§ 2401 and 2405) is not applicable to this case.

To make my position clear, perhaps it should be said that, although I agree with the plaintiff that this decision appears to be unfair and unjust (as are many other decisions based on statutes of limitations), there is nothing that I or the other judges of the court can do about it. We, like the officers of the

Internal Revenue Service, are required to follow the law, and that is what we have done here.

I concur in the opinion of the court.

COLLINS, Judge, joins in the foregoing concurring opinion.