**DELUXE CHECK PRINTERS, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 316–83T.**

United States Claims Court.

July 14, 1988.

Phillip H. Martin, Minneapolis, Minnesota, attorney of record, for plaintiff. Thomas D. Vander Molen, of counsel.

Stuart J. Bassin, Washington, D.C., with whom was Asst. Atty. Gen. William S. Rose, Jr., for defendant.

## MEMORANDUM OPINION

REGINALD W. GIBSON, Judge:

### I. *Introduction*

On April 28, 1988, this court filed an opinion in *Deluxe Check Printers, Inc. v. United States,* 14 Cl.Ct. 782, in which we granted in part the government's motion for summary judgment, holding that the six separate purchases by Deluxe Check Printers, Inc. (Deluxe Check or plaintiff) of its stock from Deluxe Check Printers Foundation (Foundation) constituted acts of self-dealing within the meaning of § 4941 of the Internal Revenue Code (26 U.S.C. § 4941). Thus, we found that plaintiff was not entitled to receive a refund of the self-dealing tax paid for the taxable years 1976, 1977, and 1978. Further, said opinion granted in part Deluxe Check's cross-motion for summary judgment by finding that plaintiff was entitled to a refund of the deficiency interest erroneously assessed for the taxable period 1976 in the amount of $3,831.37. The Internal Revenue Service (IRS or defendant) had assessed and withheld this amount of interest from an unrelated refund due and granted plaintiff. On May 2, 1988, the court entered by order the judgment against the government for said interest amount.

At this juncture, the government's motion for reconsideration is before the court wherein defendant challenges the grant of plaintiff's cross-motion for summary judgment awarding the refund of interest to plaintiff. Also, plaintiff has moved to amend the judgment by adding statutory interest to the refund of deficiency interest. For the reasons given below, and limited to these facts, the court herein grants plaintiff's motion to amend and denies defendant's motion for reconsideration.

### II. *Background Facts*

Since the focus of the court, at this time, is limited to the consideration of the two motions now before us, the facts recounted herein are restricted to those operative facts necessary for a resolution of this narrow inquiry. A full recitation of the facts can be found in the dispositive opinion previously issued on the merits. *Deluxe Check Printers, Inc. v. United States,* 14 Cl.Ct. 782 (1988).

Thus, for purposes of the motions to amend and for reconsideration, the court finds the following facts. Deluxe Check filed a return (Form 4720) in May 1978 for the calendar years 1976 and 1977 with the IRS in which it self-assessed and reported excise taxes under 26 U.S.C. § 4941 for self-dealing as a "disqualified person" within the meaning of 26 U.S.C. § 4946(a).[1] And in May 1979, plaintiff also filed Form 4720 for the calendar year 1978 further reporting self-assessed excise taxes based on the 1976 and 1977 transactions. Simultaneously, with the filing of said returns in 1978 and 1979, plaintiff paid a 5% excise tax for calendar years 1976, 1977, and 1978, as required by statute, on the pur-

---

1. Section 4941 provides, in pertinent part that:
 "[t]here is hereby imposed a tax [on the disqualified person] on each act of self-dealing between a disqualified person and a private foundation. The rate of tax shall be equal to 5 percent of the amount involved [*in each transaction*] ... for each year (or part thereof) in the taxable period."
 26 U.S.C. § 4946 defines "disqualified person" to include: a substantial contributor to the foundation, a foundation manager, the owner of more than 20% of the voting power of a corporation, the profits interest of a partnership, or the beneficial interest of a trust, a family member of any of the three preceding individuals, a partnership of which more than 35% of the voting power is controlled by one of the preceding individuals, a partnership of which more than 35% is owned by one of the first four preceding individuals, or a trust in which 35% of the beneficial interest is owned by any one of the first four preceding individuals.

chased amounts involved in each of the stock redemptions from the Foundation, *i.e.*, the acts of self-dealing that occurred during calendar years 1976 and 1977 and on the purchased amounts involved in the similar acts of self-dealing.[2] Subsequent to the initial filing, in July 1978 Deluxe Check filed a claim for refund for $28,125 of the amount of the tax of $79,657 that plaintiff had previously self-assessed and paid for the calendar year 1976. The refund claim arose from an unrelated transaction that occurred on December 1, 1976. Said refund claim reported a self-dealing net tax in the amount of $51,532 for the calendar year 1976. Finally, in August 1978 and May 1979, plaintiff timely filed three refund claims for the self-dealing taxes paid for 1976, 1977, and 1978.

With regard to the refund claim arising from the December 1, 1976 transaction, the IRS allowed Deluxe Check said claimed refund in the amount of $28,125 on April 15, 1981; however, plaintiff did not receive the entire amount claimed. Rather, the IRS assessed deficiency interest of $3,831.37 against plaintiff with respect to the $51,532 self-assessed and paid for 1976 and withheld this amount from the allowed refund in payment thereof.

2. Deluxe Check made the following share purchases from the Foundation:

| Date | Shares Purchased | Price Paid |
|---|---|---|
| 7–19–76 | 25,000 | $ 590,625 |
| 10–19–76 | 10,000 | 216,250 |
| 11–15–76 | 10,000 | 223,750 |
| | | $1,030,675 |
| 1–3–77 | 10,000 | $ 248,750 |
| 1–24–77 | 10,000 | 238,750 |
| 1–28–77 | 10,000 | 236,250 |
| | | $ 723,750 |

With the filed return, plaintiff paid an excise tax of $51,532 for the taxable year 1976 (5% of $1,030,625) in connection with the three 1976 transactions, and $87,721 in excise tax for the taxable year 1977 (5% of $723,750, or $36,189 for the 1977 transactions, plus $51,532 for the cumulative 1976 tax).

3. Section 6601 provides generally:

§ 6601. Interest on underpayment, nonpayment, or extensions of time for payment, of tax

In May 1981, after receiving notice of the allowed net refund and the assessment of deficiency interest for 1976, Deluxe Check filed amended refund claims for all three years that stated *additional* arguments supporting the claims. However, the amended Form 843 filed for 1976 only showed on its face that the amount claimed for refund was the $51,532 self-dealing tax paid for calendar year 1976 and did not specifically allege the deficiency interest of $3,831.37 as an amount claimed due for refund. That is to say, the arguments supporting the claimed refunds did not address the refund of the withheld deficiency interest apart from the underlying tax.

In previously ruling on the parties' cross-motions for summary judgment, the court held that while the self-dealing tax refunds sought by plaintiff were inappropriate, a refund of the interest amount assessed for 1976 was in order since defendant had erroneously assessed and collected the interest on a non-income tax which we have characterized as a penalty under 26 U.S.C. § 6601(e)(2).[3] *Deluxe Check*, 14 Cl.Ct. 782, 794–95.

III. *Contentions of the Parties*

A. Defendant's Contentions

Defendant, in its motion for reconsideration, challenges the court's award of inter-

(a) General rule.—If any amount of *tax* imposed by this title (whether required to be shown on a return, or to be paid by stamp or by some other method) is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid.

And § 6601 provides specifically as applicable here:

(e)(2) Interest on penalties, additional amounts, or additions to the tax.—

(A) In general.—Interest shall be imposed under subsection (a) in respect of any assessable penalty, additional amount, or addition to the tax (other than an addition to tax imposed under section 6651(a)(1), 6659, 6660, or 6661) only if such assessable penalty, additional amount, or addition to the tax is not paid within 10 days from the date of notice and demand therefor, and in such case interest shall be imposed only for the period from the date of the notice and demand to the date of payment.

(emphasis added).

est to plaintiff by advancing three arguments: (i) that plaintiff's pleadings in the court did not raise the issue decided by the court, *i.e.*, that the refund of the deficiency interest was legally appropriate apart from a refund of the underlying tax; (ii) that plaintiff's submitted administrative claim form did not include a claim for the deficiency interest amount as required by 26 U.S.C. § 7422; and (iii) that plaintiff failed to allege in its submitted administrative claims that the basis for the refund of the deficiency interest was the erroneous assessment and collection of same by the IRS, even though a refund of the substantive tax was *inappropriate*. Finally, the court lacks jurisdiction, defendant maintains, to consider—claims for money, or assertions of a rationale supporting the claim not previously set out in the claims duly filed with the IRS for refund. Consequently, according to the government, the IRS had no notice that the deficiency interest, previously assessed, standing alone was an issue in this case since plaintiff did not make a specific argument within the context of its refund claims that the interest should be refunded even if the underlying tax was not.

## B. Plaintiff's Contentions

For its part, Deluxe Check counters that its complaint, filed in this court, alleged the assessment and collection of the interest and included the interest amount in its prayer for relief. Additionally, while plaintiff's first refund claims for 1976 were filed before defendant had assessed and collected the deficiency interest, an amended claim was filed after the interest assessment was made. Deluxe Check also seeks, in its motion to amend the judgment, the statutory interest due on the deficiency interest awarded.

## IV. *Issues*

In ruling on the foregoing motions of the parties, the court must resolve the following issues: (i) whether plaintiff is entitled to a refund of the previously assessed deficiency interest apart from the underlying tax, even though it did not file a separate claim for this amount; and (ii) whether this

court is without specific jurisdiction to award said interest to plaintiff on the grounds that it was not raised in the context of plaintiff's administrative challenge.

## V. *Discussion*

█ Our threshold observation regarding defendant's motion is that—the general rule is that post-opinion motions that seek reconsideration are not favored; however, when a new and distinct issue is raised and decided in the court's opinion, a motion addressing that issue will be ventilated and treated hospitably due to the fact that neither party may have had a fair opportunity to litigate the issue. *General Electric Co. v. United States*, 189 Ct.Cl. 116, 416 F.2d 1320 (1969). At first blush, it appears that defendant may not have had notice regarding the pending issue of the separate interest refund. However, as we demonstrate below, we find that the IRS had *actual* knowledge of the deficiency interest collected, the statutory basis for that collection, albeit erroneous, and, at least, constructive knowledge of plaintiff's implicit assertion with respect thereto.

## A. Interest Refund Without A Specific Claim For This Amount

To support its argument that the award of interest to plaintiff was erroneous since plaintiff never filed a separate refund claim for this amount, defendant points to 26 U.S.C. § 7422(a). This section provides as follows:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, *or of any sum alleged to have been excessive, or in any manner wrongfully collected*, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

(emphasis added).

While the predecessor Court of Claims has held that payments of interest are

within the meaning of the statutory phrase "any sum alleged to have been excessive or in any manner wrongfully collected," that court has also held that within the design of the tax code, deficiency interest assessed under § 6601 is assimilated, or incorporated, into the tax itself so that the taxpayer should take action to recover both the tax and the interest through one proceeding. *Alexander Proudfoot Co. v. United States*, 197 Ct.Cl. 219, 454 F.2d 1379 (1972). In short, we are admonished that "[f]or a long time, deficiency interest has been so closely braided to principal that it has been deemed an integral part of the tax.... The hair is to go with the hide." 197 Ct.Cl. at 226, 454 F.2d at 1382.

 Here, at bar, plaintiff submitted claim(s) for the underlying taxes in 1978 prior to the assessment and collection of the deficiency interest, as well as prior to the filing of amended claims for the same taxes in 1981. Since it has been held that one proceeding is sufficient to recover both tax and deficiency interest, we find for the reasons given below that the amended claim filed by plaintiff in 1981 also constituted, in effect, an informal claim seeking the deficiency interest assessed and collected by the IRS against plaintiff's unrelated refund.

 It is clear beyond cavil that informal claims for tax refunds have long been recognized by the predecessor Court of Claims as well as the U.S. Supreme Court. *See e.g. United States v. Kales*, 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132 (1941), and *Furst v. United States*, 230 Ct.Cl. 375, 678 F.2d 147 (1982). In *Furst*, the court delineated the prerequisites for finding the existence of an informal claim. The linchpin is that there must be a written component to the informal claim to provide continuity of notice to the IRS in light of changing personnel. *Furst*, 230 Ct.Cl. at 380, 678 F.2d at 151. However, the written component must be examined in view of all the surrounding facts and circumstances, for it is these facts and circumstances that determine the efficacy of the informal claim. *Id.* Only when it is clear from such facts and circumstances that the IRS was on actual or constructive notice that the taxpayer was asserting a right to a refund for a specific year will the court find that an effective informal claim was filed. *Id.* at 381, 678 F.2d at 151. *See also American Radiator & Standard Sanitary Corp. v. United States*, 162 Ct.Cl. 106, 318 F.2d 915 (1963). Thus, it is settled that in the informal claim analysis, the court focuses its inquiry into the existence of an informal claim as a *whole*, and not solely on the written component. *American Radiator*, 162 Ct.Cl. at 114, 318 F.2d at 920. Mere information in the possession of the IRS, however, from which the Commissioner could deduce that the taxpayer may *desire* a refund is not sufficient to serve as the basis of an informal claim. *Furst*, 230 Ct.Cl. at 381, 678 F.2d at 151.

In applying the accepted minimum standard for an informal claim, we find here that the written component present in plaintiff's case was the amended claim filed in May of 1981, *after* the deficiency interest had been assessed and collected, wherein Deluxe sought a refund of the self-dealing tax for the 1976 taxable period.

 Next, in order to find the existence of an efficacious informal claim, the court must also be cognizant of the fact that the purpose behind the requirement of an adequate refund claim, whether formal or informal, is to prevent surprise through the giving of adequate notice of the nature of the claims as well as the factual basis so that the IRS may begin an investigation or correct errors. *Union Pacific Railroad v. United States*, 182 Ct.Cl. 103, 109, 389 F.2d 437, 442 (1968).

In plaintiff's case, then, the issue is— whether, in light of the totality of the facts and circumstances surrounding the refund claim(s) filed for 1976, the IRS had actual or constructive notice of the nature of plaintiff's claim for the interest erroneously assessed. *Kuehn v. United States*, 202 Ct.Cl. 473, 477, 480 F.2d 1319, 1321 (1973).

 In evaluating the surrounding facts, we find that when Deluxe Check filed its amended claim, the IRS then and there had at the least adequate construc-

tive notice that plaintiff was seeking a refund of the deficiency interest as well as the tax. This is so because of the following operative and probative circumstances: (i) defendant had previously assessed and collected deficiency interest ($3,831.37) against plaintiff's self-assessment of self-dealing taxes; (ii) as a matter of law, said self-dealing tax is actually a *penalty* and not a true tax; (iii) given (ii), *supra*, deficiency interest is not assessable against a penalty except as narrowly provided in 26 U.S.C. § 6601(e)(2)(A); (iv) said interest assessment and collection, therefore, was knowingly in violation of 26 U.S.C. § 6601(e)(2)(A); (v) by a validly filed refund claim, plaintiff sought the refund of the principal self-dealing taxes; and (vi) knowing that said deficiency interest had been erroneously assessed, defendant, constructively, then and there knew that plaintiff, by asserting entitlement to a refund of the self-dealing taxes, was also implicitly asserting a refund claim to the "deficiency interest ... closely braided to principal." For "[t]he hair is to go with the hide." *Proudfoot*, 197 Ct.Cl. at 226, 454 F.2d at 1382. In light of these facts and circumstances, we find that Deluxe Check had made a sufficient informal claim that gave effective notice to defendant of the nature of plaintiff's claim for the refund of the deficiency interest.

B. Doctrine of Variance

■ Defendant also questions the propriety of the opinion awarding interest to plaintiff on the ground that since Deluxe Check did not raise the theory of the erroneous assessment and collection of the deficiency interest, within the context of the filed administrative refund claim for 1976, this court is without jurisdiction to consider this rationale as a basis for plaintiff's recovery. In other words, says defendant, there is a variance between plaintiff's rationale here and its rationale asserted in the refund claim filed in this court. In reference to the doctrine of variance, the general rule is that "a ground for refund neither specifically raised by, nor comprised within the general language of, a timely ... application for refund to the Internal Revenue Service cannot be considered by a court in which suit for refund is subsequently initiated." *Union Pacific Railroad v. United States*, 182 Ct.Cl. 103, 108, 389 F.2d 437, 442 (1968). However, in *Union Pacific*, the court there also noted an exception to this general rule which is—if the court finds that the IRS could *not* have made its determination without considering and evaluating the very grounds now challenged, and, therefore, was indeed on notice that the taxpayer intended to claim a refund on these grounds, then the court would allow the unspecified ground. *Union Pacific*, 182 Ct.Cl. at 109, 389 F.2d at 442, citing *United States v. Kales*, 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132 (1941). Thus, the predecessor Court of Claims has allowed recovery on a ground not specified in an administrative claim if the IRS had notice of that ground. *Id.* Given the foregoing circumstances, we now find that plaintiff's situation falls within this exception to the general variance rule in that the IRS clearly had notice of the issue of the proper assessment of interest on the penalty tax self-assessed and paid by Deluxe Check.

We emphasize that it was plaintiff who *self-assessed* and paid the self-dealing tax for 1976, as well as 1977 and 1978. Plaintiff did *not*, however, self-assess any deficiency interest. We can only assume that plaintiff did not do so because it then recognized that deficiency interest was not assessable. Rather, it was defendant who assessed and withheld this amount from an unrelated refund then due to plaintiff. In order to properly make the determination to assess and withhold the deficiency interest, defendant had to proceed under 26 U.S.C. § 6601. Furthermore, defendant had knowledge that the self-dealing tax paid by plaintiff was *not* in fact an income tax, but was a *penalty* imposed to discourage self-dealing transactions between corporations and their non-profit foundations. Therefore, we may conclude that, in order to make the assessment of the deficiency interest, defendant must have considered and evaluated the applicability of § 6601(e)(2)(A) which governs the assess-

ment of interest on penalties. On these facts, we can only find that defendant did have adequate notice of the nature and basis of plaintiff's claim in satisfaction of § 7422.

In concluding our variance doctrine analysis, we further find that plaintiff's case is distinguishable from *Union Pacific*. In *Union Pacific*, the court found no informal claim or adequate notice to the IRS; whereas in plaintiff's case we have found both an informal claim and adequate notice to the Service. Additionally, plaintiff's case is also distinguishable from *Rowe v. United States*, 228 Ct.Cl. 269, 655 F.2d 1065 (1981). In *Rowe*, a tax refund case filed by coal mine owners, the court rejected plaintiff's contention that if its primary rationale for a refund based on transportation costs was covered by the refund claim, then its alternative rationale based on extraction costs would also be included in the claim, even though not specifically set out. *Rowe*, 228 Ct.Cl. at 280, 655 F.2d at 1071. The court based this decision on the fact that the tax code narrowly and exactly defined the term "transportation" and that an exact and technical usage existed which clearly differentiated the terms "transportation" and "extraction". *Rowe*, 228 Ct.Cl. at 281, 655 F.2d at 1071. Since plaintiff's claim there rested squarely on the specific ground of an erroneous application of transportation costs in calculating the depletion allowance, the court could not find notice of the second unmentioned ground for refund of extraction costs, because those costs were not found within the regulations governing transportation costs. Therefore, the second ground was not "comprised within the general language" of the refund claim. *Rowe*, 228 Ct.Cl. at 280, 655 F.2d at 1072.

■ In plaintiff's case at bar, the opposite situation obtains. The Court of Claims has found that the tax code incorporates the interest paid into the underlying taxes paid so that the taxpayer should proceed to seek a refund of both in the same action. *Proudfoot*, 197 Ct.Ct. at 226, 454 F.2d at 1382. Therefore, a claim based on the assertion of an erroneous assessment of the tax includes within its general language the assertion of an erroneous assessment of interest. Deluxe Check asserted in its amended claim filed in 1981, after the interest was assessed and paid, that the penalty tax was erroneously assessed since the statutory taxable period closed on the date of the stock purchases because Deluxe Check had corrected the self-dealing transactions at that point by paying fair market value for the Foundation's shares. Plaintiff's amended claim also contended that the self-assessment of penalty tax was erroneous because the purchase of stock from the Foundation qualified under the statutory exception to the self-dealing tax for redemptions. We find that these *general grounds* are broad enough to embrace the rationale that the interest on the penalty tax was erroneously assessed and withheld since the self-dealing tax was self-assessed. The IRS had adequate notice of this ground through its own determination to assess this interest under § 6601(e)(2)(A). Additionally, the IRS had constructive notice of plaintiff's intent to claim an interest refund because of the code's provisions which inextricably intertwine the assessment and collection of deficiency interest and the underlying tax. Here plaintiff had clearly asserted the right to the underlying tax; that assertion put the IRS on notice of the claim for interest. The unilateral process of assessing and collecting the interest also put the IRS on notice of the statutory ground, at § 6601(e)(2)(A), supporting the informal claims for interest.

C. Statutory Interest

■ Deluxe Check moves the court to amend its opinion to award statutory interest on the deficiency interest ($3,831.37). The court hereby grants plaintiff's motion because Title 26 U.S.C. provides for the allowance of this interest on an overpayment of tax, and also treats *deficiency interest* assessed as a tax under the indicated sections, *infra.*

Section 6601(e)(1) provides that all references to tax within the code are deemed to also refer to the interest imposed under § 6601 on the tax as follows:

Interest treated as tax.—Interest prescribed under this section on any tax shall be paid upon notice and demand, and shall be assessed, collected, and paid in the same manner as taxes. Any reference in this title ... to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax.

Sections 6611(a) and (b) mandate the payment of interest accrued at the statutory rate prescribed in § 6621 and for a statutory period of time on the tax overpayment. This section provides:

(a) Rate.—Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the overpayment rate established under section 6621.

(b) Period.—Such interest shall be allowed and paid as follows:

&ast; &ast; &ast; &ast; &ast; &ast;

(2) Refunds.—In the case of a refund, from the date of the overpayment to a date (to be determined by the Secretary) preceding the date of the refund check by not more than 30 days, whether or not such refund check is accepted by the taxpayer after tender of such check to the taxpayer.

28 U.S.C. § 2411 echoes the entitlement found at 26 U.S.C. § 6611.[4]

Because we have previously found that the deficiency interest assessment and collection by defendant was erroneous, plaintiff is entitled to a refund not only of the deficiency interest but also the statutory interest on this amount as calculated under § 6611(a) and (b). *See Deluxe Check Printers, Inc. v. United States,* 14 Cl.Ct. 782, 794–95.

---

**4.** 28 U.S.C. § 2411 provides: "In any judgement of any court rendered (whether against the United States, a collector or deputy collector of interal revenue, a former collector or deputy collector, or the personal representative in case of death) for any overpayment in respect of any internal revenue tax, interest shall be allowed at the overpayment rate established under section 6621 of the Internal Revenue Code of 1954 upon the amount of the overpayment, from the date of the payment or collection thereof to a date

*Conclusion*

For the reasons stated above, the court hereby denies defendant's motion for reconsideration and grants plaintiff's motion for an amendment of the judgment to include statutory interest on the prior award of deficiency interest. The Clerk shall accordingly enter judgment.

IT IS SO ORDERED.

---

preceding the date of the refund check by not more than thirty days ..., such date to be determined by the Commissioner of Internal Revenue. The Commission is authorized to tender by check payment of any such judgment, with interest as herein provided, at any time after such judgment becomes final, whether or not a claim for such payment has been duly filed, and such tender shall stop the running of interest, whether or not such refund check is accepted by the judgment creditor."