**J. O. JOHNSON, INC.**
v.
**The UNITED STATES.**
**No. 308-72.**

United States Court of Claims.
April 13, 1973.

Robert A. Schnur, Milwaukee, Wis., attorney of record, for plaintiff; Michael, Best & Friedrich, Milwaukee, Wis., of counsel.

Kenneth R. Boiarsky, Washington D. C., with whom was Asst. Atty. Gen. Scott P. Crampton, for defendant; Gilbert E. Andrews, Jr., Washington, D. C., of counsel.

Before COWEN, Chief Judge, and DAVIS, SKELTON, NICHOLS, KASHIWA, KUNZIG and BENNETT, Judges.

## ON DEFENDANT'S MOTION TO DISMISS

BENNETT, Judge.

Defendant has moved to dismiss count II of the petition on the grounds that plaintiff has failed to state a claim upon which relief may be granted. The question is whether plaintiff's claim for the recovery of sums paid in satisfaction of an accumulated earnings tax is barred by plaintiff's failure to file a timely claim for refund. Specifically, this motion concerns the issue of the applicability of section 6511(a) [Limitations on Credit or Refund] of the Internal Revenue Code (IRC) to a claim by a corporate taxpayer for the refund of an overpayment of accumulated earnings taxes. While the precise issue involved was not handled in the body of the opinion in Alexander Proudfoot Co. v. United States, 454 F.2d 1379, 197 Ct.Cl. 219 (1972), the matter was disposed of in footnote 7 of that opinion. The plaintiff now wishes the court to reconsider the conclusion it reached in that footnote. The facts are as follows:

On June 15, 1965, the plaintiff filed a corporate tax return for the fiscal year ending March 31, 1965. On October 9, 1967, the IRS District Director notified the plaintiff that certain deficiencies had been proposed with respect to the 1965 return, including an accumulated earnings tax deficiency (IRC § 531 et seq.). A formal notice of deficiency was sent to the taxpayer on February 28, 1969, which included a deficiency of

$22,628.34 in accumulated earnings taxes. By September 24, 1969, the plaintiff made the last payment on the amount owed which included $5,409.97 in interest computed from June 15, 1965, the date the original return was filed.

On September 13, 1970, the taxpayer filed a claim for refund of the $5,409.97 paid in interest, which claim was finally disallowed by the IRS on October 29, 1971. Thereafter on November 29, 1971, the plaintiff filed a separate claim for refund of the principal of the accumulated earnings tax paid. This latter claim has never been formally acted upon by the IRS. In the petition to the court, the taxpayer's count I seeks a refund of the interest paid on the accumulated earnings tax, and is not presently at issue.[1] Count II seeks refund of the tax itself and is the subject of the defendant's motion to dismiss the petition.

The defendant contends that section 7422(a) of the IRC of 1954[2] requires the filing of a refund claim before a plaintiff can maintain a suit to recover the amount sought. The procedure for filing such a refund claim is controlled in pertinent part by section 6511(a) of the 1954 Code which reads as follows:

*Sec. 6511. Limitations on credit or refund.*

(a) *Period of limitation on filing claim.*—Claim for credit or refund of an overpayment of any tax imposed by this title *in respect of which tax the taxpayer is required to file a return* shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, *or if no return was filed by the taxpayer, within 2 years*

*from the time the tax was paid.* Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid. [Emphasis added.]

Regardless of whether the 2- or the 3-year period is applied to these facts, this plaintiff's filing of the claim for refund of the principal tax on November 29, 1971, was too late. As a result, the claim for refund was ineffective, requiring the dismissal of the suit under the requirements of section 7422(a). The plaintiff's principal defense to the Government's motion is the assertion that the accumulated earnings tax is not a tax "in respect of which * * * the taxpayer is required to file a return," making section 6511(a) inapplicable. Therefore, the time limitation that should govern this suit is the general 6-year statute of limitations (28 U.S.C. § 2401), with which the plaintiff has complied.

The real focus of this problem is the language in section 6511(a) which states: "* * * or if no return was filed by the taxpayer [the claim for refund must be filed], within 2 years from the time the tax was paid." Both sides recognize that the accumulated earnings tax is not self-assessing in nature and is only levied after the return has been filed and an administrative determination has been made that the accumulation is in excess of the amount required for the reasonable needs of the business (§§ 533, 537). *See,* Motor Fuel Carriers, Inc. v. United States, 420 F.2d 702, 705, 190 Ct.Cl. 385, 390 (1970). To this extent, the accumulated earnings

---

1. On February 12, 1973, the court allowed plaintiff's motion for a partial suspension of the proceeding with respect to count I in order to permit settlement discussions to continue.

2. "Sec. 7422. Civil actions for refund.
"(a) *No suit prior to filing claim for refund.*—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to

have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

tax is not the type of tax that is reported on the return, which the plaintiff contends is the only type of tax covered by 6511(a). Plaintiff interprets the clause above to apply only to taxes for which a return is required, but in which no return was in fact filed. Since there is no place on the return in which to account for the accumulated earnings tax, no return was required with respect to this tax and the 2-year time limit applicable to taxes for which a return is required but not filed does not apply to the accumulated earnings tax. The defendant would read the language of the clause quite literally to include any tax for which no return is actually filed whether required or not. Such a reading would, of course, include a subsequent assessment of an accumulated earnings tax. This was the interpretation given 6511(a) by this court in footnote 7 of the opinion in *Alexander Proudfoot:*

> * * * § 6511(a) was obviously intended to cover all taxes, whether or not a return is required, and its wording can easily carry that understanding since it expressly provides for the case where "no return was filed by the taxpayer." [454 F.2d at 1382, n. 7, 197 Ct.Cl. at 225, n. 7.]

The plaintiff has presented an impressive array of arguments to undercut the footnote holding in *Alexander Proudfoot* and to otherwise seek to avoid the application of section 6511(a) to the count II claim for refund. These arguments will be detailed individually, but it should first be noted that a reversal of the footnote holding would likewise erode to some extent the basis for that over-all decision. In *Alexander Proudfoot* the plaintiff sought only the refund of the pre-notice deficiency interest paid with respect to an accumulated earnings tax assessment. Following the decision by this court in *Motor Fuel Carriers, Inc., supra,* it was clear that pre-notice deficiency interest could not be lawfully claimed by the IRS with respect to the accumulated earnings tax. The court included the claim for refund of the defi-

ciency interest within the operation of section 6511(a) and found the claim to have been filed too late to be effective. This conclusion was reached in part because the "interest demand would be as much governed by § 6511 as the claim for the tax itself, and could not be separated out from the requirement of a proper and timely administrative claim." 454 F.2d at 1382, 197 Ct.Cl. at 226. "The hair goes with the hide." This, of course, presumes that the tax (here the accumulated earnings tax) is within section 6511(a) which is precisely the proposition being challenged by the present plaintiff.

 Plaintiff first goes through a thorough grammatical exercise to indicate that its reading of section 6511(a) is proper and reasonable. This, of course, does not mean that the defendant's reading is *ipso facto* unreasonable. It simply becomes a choice of what is most reasonable. Plaintiff urges that the language in S.Rep. No. 1622, 83d Cong., 2d Sess. (3 U.S.Code Cong. & Admin. News, p. 5235 (1954)), emphasizes that section 6511(a) was to apply only to those taxes "in respect of which a taxpayer is required to file a return." This is nothing more than a restatement of the wording in the section itself and seems to add nothing to the problem of assigning a given meaning to the section. Plaintiff next argues that, at most, the language in section 6511(a) is ambiguous and the language should be interpreted in favor of the taxpayer since the Government's construction would result in an extension of the meaning of the statute, which would run contrary to the normal judicial trend to read tax statutes narrowly and strictly. While it seems that plaintiff's point is well taken, it is likewise clear that other factors come into play when any court must interpret a tax statute, for example, consistency and harmony with other related sections. In this case as the defendant points out, and as the court pointed out in *Alexander Proudfoot*, 454 F.2d at 1384, 197 Ct.Cl. at 229, the

plaintiff's reading of section 6511(a) to exclude those taxes assessed by the IRS after the return is filed but not part of the return itself, would render section 7422(a) almost meaningless with respect to this group of assessments. Section 7422(a) makes the filing of a claim for refund or credit a condition precedent to the maintenance of any suit for the recovery of any wrongfully assessed tax, penalty, or "of *any sum* alleged to have been excessive or in any manner wrongfully collected." [Emphasis added.] Clearly section 7422(a), with its all-inclusive "any sum" term, would include the assessment for the accumulated earnings tax; yet, if this tax were outside the time limitations imposed by section 6511(a), the claim for refund and petition to this court could be filed anytime within 6 years of either the payment or the date of the return.[3] Plaintiff contends that such a result is warranted by the peculiar nature of the accumulated earnings tax. In particular, it points out that the major purpose for having the shorter periods for filing claims for refunds as defined in section 6511(a) is to allow the Government sufficient time to make an administrative investigation of the merits of the taxpayer's claim before deciding to contest it. Union Pac. R. R. v. United States, 389 F.2d 437, 442–443, 182 Ct.Cl. 103, 109 (1968). Such a purpose would be unnecessary with respect to the accumulated earnings tax where, by necessity, an administrative investigation is carried out before the tax is ever assessed. Once again the plaintiff's point is well taken, but it does not seem to carry as far as plaintiff argues. The filing of a claim for a refund is designed in part to give the IRS adequate notice of the nature and extent of the intended claim. United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 272, 51 S.Ct. 376, 75 L.Ed. 1025 (1931). It likewise appears that the shorter refund period is aimed at allowing the IRS to isolate the areas of controversy and limit the scope of the impending litigation. Union Pac. R. R. v. United States, 389 F.2d at 442, 182 Ct.Cl. at 108. The fact that the Government agents had undertaken an administrative determination prior to assessment of the tax does not mean that additional determinations would not be required once the nature and extent of the claimed refund becomes known. Thus, even in the area of the accumulated earnings tax the shorter refund period would serve a valid purpose. The Supreme Court in United States v. A. S. Kreider Co., 313 U.S. 443, 447, 61 S.Ct. 1007, 1010, 85 L.Ed. 1447 (1941), has said, in addition, that the shorter limitation statute for tax refunds was a congressional recognition of the fact "that suits against the United States for the recovery of taxes impeded effective administration of the revenue laws, * *." Allowing plaintiffs, seeking refunds of this type, to have 6 full years in which to file their claims, where no clear reason for such exceptional treatment is apparent in either the Code or in fact, would seem to run contrary to the usual Code pattern and apparently congressional intent as well.

Additional support for this view may be found in the treatment of other additions to the tax in IRC section 6659. As the plaintiff correctly points out, section 6659 is not, by its own terms, applicable to section 531 et seq. (accumulated earnings tax) assessments. But, since *Motor Fuel Carriers, supra,* this court has treated accumulated earnings tax assessments as additions to the tax. Those additions to the tax covered by section 6659 are to be "assessed, collected and paid in the same manner as taxes," while any reference to the word "tax" is to include additions to the tax. The general policy which would justify

---

3. The Government argues that since section 7422(a) makes the filing of a claim for refund a condition precedent to maintaining the suit, the taxpayer's cause of action would not accrue and the 6-year statute of limitations would not begin to run until the claim for refund was filed. This would permit a taxpayer to delay the filing of suits with respect to this type of tax for many years.

the treatment of these additions to the tax as though they were the tax itself would likewise cover the claim now before the court. There are as many reasons to apply the limitation period of section 6511(a) to section 531 et seq. taxes as there are to apply those limitations to taxes specifically enumerated on the return itself.

■ ■ The taxpayer's final arguments assume *arguendo* that section 6511(a) applies to this case. First, plaintiff urges that this claim was filed within 3 years of the return if the word "return" in this context is read to mean the document by which the Government notified the taxpayer of the deficiency. The plaintiff argues that such a definition is the most reasonable since the tax did not become due until that date (February 28, 1969). While plaintiff's argument on this point might make some sense in the abstract, there is no support for the position in the statute. It seems fairly clear that the word "return" as it is used in section 6511(a) refers to the income tax return, which in this case was filed by the taxpayer in 1965. There appears to be no sound reason for the court to define it otherwise. The plaintiff's last argument urges that the filing of the claim for refund on September 13, 1970, for the pre-notice deficiency interest served notice on the Government that the assessment of the principal was likewise being contested. This is a distortion of the "hair goes with the hide" analogy. The reverse is not necessarily true where, as in *Alexander Proudfoot*, the claim sought only the refund of interest, not the principal. The language of the decision of this court in Union Pac. R. R., 389 F.2d at 442, 182 Ct.Cl. at 108, would seem to require a higher standard of notice than this plaintiff's September 13, 1970 claim for refund of the interest provided. "It is

an undisputed general rule that a ground for refund neither specifically raised by, nor comprised within the general language of, a timely formal or informal application for refund to the Internal Revenue Service cannot be considered by a court in which a suit for refund is subsequently initiated." Plaintiff's failure to raise the claim for the refund of the principal tax in the September 13, 1970 claim would seem to prevent it from relying on that claim at this point.

There is, finally, one further interpretation of the language of section 6511(a) which bears examination. The defendant argues that this section, covering all taxes "in respect of which" a return is filed, covers assessments for accumulated earnings taxes despite the fact that these taxes are not paid or reported as part of the return itself. The tax is assessed based on figures and statements that are part of the return and to this extent it is a tax "in respect of which" the taxpayer has filed a return. The plaintiff does not answer this argument, and it need not be pursued one way or another since there is other language in section 6511(a), discussed *supra*, which brings this taxpayer's claim within that section.

For all of the above reasons the court grants the defendant's motion to dismiss count II of the plaintiff's petition for failure to state a claim upon which relief may be granted. The plaintiff has filed a motion for summary judgment with respect to count I of its petition, which motion is not presently before the court since it is now subject to a partial suspension of proceedings granted February 12, 1973.[4] Should it become necessary, the merits of count I of the plaintiff's petition will be examined in a later proceeding.

4. *See* note 1, *supra*.