# United States Court of Appeals for the Federal Circuit

2008-5106

RADIOSHACK CORPORATION,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.


A. Duane Webber, Baker & McKenzie LLP, of Washington, DC, argued for plaintiff-appellant.

Ellen Page DelSole, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee.  With her on the brief were Nathan J. Hochman, Assistant Attorney General, Gilbert S. Rothenberg, Acting Deputy Assistant Attorney General, and Teresa E. McLaughlin, Attorney.

Appealed from:  United States Court of Federal Claims

Judge Mary Ellen Coster Williams

# United States Court of Appeals for the Federal Circuit

2008-5106

RADIOSHACK CORPORATION,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 06-CV-0028, Judge Mary Ellen Coster Williams.

_____

DECIDED: May 26, 2009

_____

Before MAYER, GAJARSA, and LINN, Circuit Judges.

GAJARSA, Circuit Judge.

RadioShack Corp. appeals from the partial final judgment of the Court of Federal Claims dismissing RadioShack's claim for refund of certain 1996 taxes ("1996 claim") under Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC)[1] for lack of jurisdiction. Because we agree with the Court of Federal Claims that the 1996 claim

---

[1] RCFC 12(b)(1) is substantively identical to Rule 12(b)(1) of the Federal Rules of Civil Procedure. See Adair v. United States, 497 F.3d 1244, 1249 n.1 (Fed. Cir. 2007).

was not timely filed by RadioShack with the IRS pursuant to 26 U.S.C. § 6511(a), that

RadioShack had thus not met the requirements of 26 U.S.C. § 7422, and therefore that

the court lacked jurisdiction over the 1996 claim, we affirm.

## BACKGROUND

The underlying claims in this case arose out of the payment by RadioShack and

others of the Federal Communications Excise Tax. 26 U.S.C. §§ 4251–4254. This

excise tax was applied to long distance telephone usage that was billed on the basis of

time and distance. 26 U.S.C. § 4252(b)(2). For nearly a century, this tax was paid by

telephone users to telephone service providers who, in turn, filed returns and paid over

the taxes collected to the Internal Revenue Service (IRS). In the late 1990s, most

telephone service providers transitioned to a time-only billing model, such that the

excise tax no longer applied. Nonetheless, the service providers and, ultimately, the

IRS continued to collect the tax. This practice continued in the face of countless

lawsuits[2] until May 2006.

In January 2006, RadioShack filed a class action in the Court of Federal Claims

on behalf of itself and similarly situated taxpayers, seeking a refund of overpaid excise

taxes. RadioShack and the United States cross-moved for a summary determination

whether refund claims related to the excise tax were subject to any statute of limitations.

Subsequently, on October 4, 2006, RadioShack filed the 1996 claim with the IRS, which

---

[2]     Several of these lawsuits resulted in holdings that the United States had improperly imposed the excise tax to charges under the time-only billing model. See, e.g., Reese Bros., Inc. v. United States, 447 F.3d 229 (3d Cir. 2006); Fortis, Inc. v. United States, 447 F.3d 190 (2d Cir. 2006); Nat'l R.R. Passenger Corp. v. United States, 431 F.3d 374 (D.C. Cir. 2005); OfficeMax, Inc. v. United States, 428 F.3d 583 (6th Cir. 2005); Am. Bankers Ins. Group v. United States, 408 F.3d 1328 (11th Cir. 2005).

the IRS promptly denied as untimely. RadioShack then amended its complaint to specifically identify the 1996 claim as well as a similarly denied claim for refund of taxes paid in 2002. The United States moved to dismiss the 1996 claim as time-barred.

The Court of Federal Claims held that RadioShack had failed to file the 1996 claim with the IRS within the time limits imposed by 26 U.S.C. § 6511(a) and that RadioShack was thus barred from bringing suit pursuant to 26 U.S.C. § 7422. The trial court thus dismissed the 1996 claim for lack of jurisdiction pursuant to RCFC 12(b)(1) and directed entry of partial judgment, which it certified for immediate appeal under RCFC 54(b).[3] RadioShack timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

This court reviews de novo the Court of Federal Claims's decision to dismiss for lack of jurisdiction. See Inter-Coastal Xpress, Inc. v. United States, 296 F.3d 1357, 1365–66 (Fed. Cir. 2002). The jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States. 28 U.S.C. § 1491(a)(1). As the Supreme Court has recognized, however, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." United States v. Mitchell, 463 U.S. 206, 216 (1983). The Court has cautioned that waivers of the United States's sovereign immunity are to be construed narrowly: "[W]e may not enlarge the waiver beyond the purview of the statutory language. Our task is to discern the 'unequivocally expressed' intent of Congress, construing ambiguities in favor of immunity." United States v.

---

[3] The 2002 claim remains pending and is not before this court.

Williams, 514 U.S. 527, 531 (1995) (citation omitted) (discussing 28 U.S.C. § 1346(a), which provides the United States district courts with concurrent jurisdiction over tax refund suits). Indeed, in the context of tax refund suits, the Court has held that the Court of Federal Claims's Tucker Act jurisdiction is limited by the Internal Revenue Code, including 26 U.S.C. § 7422(a). See United States v. Clintwood Elkhorn Mining Co., 128 S. Ct. 1511, 1517 (2008); United States v. A.S. Kreider Co., 313 U.S. 443, 447–48 (1941).

Section 7422(a) states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). Sections 6511(a) and (b), in turn, provide for the filing of such claims with the IRS. They require in pertinent part:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.
>
> \*     \*     \*
>
> No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

26 U.S.C. § 6511(a), (b)(1). As the Supreme Court has reiterated, §§ 6511 and 7422 should be read together to bar a suit for refund in any court "'unless a claim for refund of

a tax has been filed within the time limits imposed by § 6511(a).'" Clintwood, 128 S. Ct. at 1515 (quoting United States v. Dalm, 494 U.S. 596, 602 (1990)). In Clintwood, the Court clearly stated that a taxpayer who has not filed a timely administrative refund claim with the IRS "may bring '[n]o suit' in 'any court' to recover 'any internal revenue tax' or 'any sum' alleged to have been wrongfully collected 'in any manner.' Five 'any's' in one sentence and it begins to seem that Congress meant the statute to have expansive reach." 128 S. Ct. at 1516. The Court continued:

> [W]e cannot imagine what language could more clearly state that taxpayers seeking refunds of unlawfully assessed taxes must comply with the Code's refund scheme before bringing suit, including the requirement to file a timely administrative claim.

Id. Clintwood thus reinforces earlier pronouncements of the Court that "[a]s a statute of limitations, § 6511(a) does narrow the waiver of sovereign immunity . . . by barring the tardy." Williams, 514 U.S. at 534 n.7.

RadioShack argues that, because it was not required either to file a return or to pay the excise tax by means of a stamp, the time limits set forth in § 6511(a) do not apply. The Court of Federal Claims, however, held that the Federal Communications Excise Tax is the type of tax for which a return must be filed by someone—i.e., the telephone carriers who collect and remit the tax—and, therefore, that § 6511(a)'s time limits apply to any claim related to the excise tax. We agree with the Court of Federal Claims.

This case is controlled by our predecessor court's holdings in Alexander Proudfoot Co. v. United States, 454 F.2d 1379 (Ct. Cl. 1972), and J.O. Johnson, Inc. v. United States, 476 F.2d 1337 (Ct. Cl. 1973). Specifically, in Alexander Proudfoot, the Court of Claims held, albeit in a footnote: "§ 6511 was obviously intended to cover all

taxes, whether or not a return is required, and its wording can easily carry that understanding since it expressly provides for the case where 'no return was filed by the taxpayer.'" 454 F.2d at 1382 n.7. A year later, the court in J.O. Johnson, 476 F.2d at 1338, 1340–41, defended and reaffirmed the "footnote holding" of Alexander Proudfoot, and explained that "[a]llowing plaintiffs [to avoid the time limitations of § 6511] where no clear reason for such exceptional treatment is apparent in either the Code or in fact, would seem to run contrary to the usual Code pattern and apparently congressional intent as well." Id. at 1341. We are bound by our precedent and must hold that all claims for refund related to the Federal Communications Excise Tax are covered by § 6511(a). Therefore, although RadioShack was not itself obligated to file a return in respect to the excise tax, the time limits of § 6511(a) nonetheless apply. RadioShack's 1996 claim is time-barred.

We note further that our conclusion is consistent with our sister circuits' treatment of claims for refund made by taxpayers who were not themselves obligated to file returns. We find their stated reasoning persuasive. In Little People's School, Inc. v. United States, the First Circuit considered the application of §§ 6511(a) and 7422(a) to a non-profit entity that had mistakenly paid unemployment taxes and subsequently had filed a claim for refund with the IRS, which the IRS disallowed as untimely. 842 F.2d 570, 570–71 (1st Cir. 1988). The non-profit entity filed a lawsuit to recover its payments. Over the government's argument that the district court lacked jurisdiction under § 7422(a), the district court granted summary judgment to the non-profit entity. Id. at 572.

On appeal, the First Circuit determined that "[t]he most reasonable way to harmonize section 6511(a) with section 7422(a) is to interpret the disputed phrase in section 6511(a)'s first sentence as applying to all taxes payable by return, reading the provision's reference to 'the taxpayer' as a reference to a generic taxpayer (i.e., 'a taxpayer'), and not to the particular taxpayer seeking a refund in a particular instance." Id. at 574 (emphasis in original).  Specifically, the First Circuit reasoned that a reading of the Internal Revenue Code that would subject taxpayers who were not obligated to file returns "to no administrative limitations period whatsoever . . . makes little sense." Id. at 573–74 (emphasis omitted).  Additionally, the court explained:

> It would indeed be a perverse statute of limitations that would operate . . . by requiring the decisionmaker (either a district court or the IRS) to determine whether a taxpayer was required to file a return in order to determine whether the taxpayer was covered by section 6511(a)'s limitations period. . . . We doubt Congress intended a statute of limitations requiring a threshold determination that so often would resemble an inquiry into a claim's merits.

Id. at 574.  And finally, the court noted that "[b]oth the legislative history of section 6511(a) and the Treasury regulation promulgated under section 6511(a) unmistakably support the government's interpretation of this provision." Id. at 574 n.3 (citations omitted).

Similarly, in Wachovia Bank, N.A. v. United States, the Eleventh Circuit considered whether § 6511(a) applied to a charitable trust that had mistakenly paid income taxes.  455 F.3d 1261 (11th Cir. 2006).  In so doing, the court discussed at length and expressed approval of the First Circuit's Little People's School decision.[4] Wachovia, 455 F.3d at 1265–66.  Additionally, the Eleventh Circuit proceeded with its

---

[4]    The Sixth Circuit has in dicta criticized Little People's School, see Mich. v. United States, 141 F.3d 662, 665 (6th Cir. 1998), but this criticism does not impact the persuasiveness of the First Circuit's decision.

own statutory construction of the language of § 6511(a), finding that the provision was intended to cover all situations in which claims for refund are made. Id. at 1266–69. In particular, the court determined that "the term 'the taxpayer' [in § 6511(a)] could refer to a particular taxpayer, the one who filed the refund claim; or it could refer more generally and generically to taxpayers in a non-case specific sense," id. at 1268, but concluded that "reading 'the taxpayer' as a reference to taxpayers generally makes more sense in light of the rest of the Tax Code, producing a more harmonious result," id.

RadioShack argues simply that these cases contradict the plain language of § 6511(a) and are thus incorrect and should not be followed. We disagree. As recognized by our sister circuits, although a simplistic reading of § 6511(a) might indicate that the use of the definite article "the" in association with "taxpayer" is limiting, the phrase "any tax imposed by this title in respect of which tax the taxpayer is required to file a return" is not unambiguous, especially as the same section provides for the circumstance in which "no return was filed by the taxpayer." Clearly, Congress did not intend to waive the United States's sovereign immunity and thereby expose the federal treasury to unknown claims from unspecified taxpayers for an unlimited period of time. See Kreider, 313 U.S. at 447 (finding that Congress created a shorter statute of limitations for tax claims because "suits against the United States for the recovery of taxes impeded effective administration of the revenue laws"). We thus agree with our sister circuits and reaffirm our predecessor court's holdings that the ambiguity of § 6511(a) is best resolved by imposing that section's time limitations on all taxes and all taxpayers. The proper inquiry is not who was obligated to file a return, but is instead whether the tax imposed is the type of tax for which returns are filed. See Williams,

514 U.S. at 534 ("[Section 6511(a)'s] plain terms provide only a deadline for filing for administrative relief, not a limit on who may file." (footnote omitted)); see also H.R. Rep. No. 83-1337 (1954) ("Subsection (a) of [§ 6511] extends to all taxes in respect of which a taxpayer is required to file a return . . . ."), as reprinted in 1954 U.S.C.C.A.N. 4017, 4563; S. Rep. No. 83-1622, at 586 (1954) (similar), as reprinted in 1954 U.S.C.C.A.N. 4621, 5235.

Applying this reasoning to the present case, although the Code specifies that the Communications Excise Tax was to be paid "by the person paying for such services," 26 U.S.C. § 4251(a)(2); 26 C.F.R. § 49.4251-2(c), this tax, like the unemployment and income taxes considered by the First and Eleventh Circuits, is the type of tax for which a return must be filed—in this case, by the telephone service provider. See 26 C.F.R. § 49.4251-2(c) ("The taxes imposed by section 4251 . . . must be paid to the person rendering the services who is required to collect the tax and return and pay over the tax."). Therefore, the limitations periods codified in § 6511(a) apply, the IRS properly disallowed RadioShack's 1996 claim, and § 7422(a) did not permit RadioShack's suit in the Court of Federal Claims.

## CONCLUSION

Accordingly, the Court of Federal Claims's decision is affirmed.

## AFFIRMED

## COSTS

No costs.