NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY JOHNSON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2016-2618

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-01509-VJW, Judge Victor J. Wolski.

---

Decided: January 17, 2017

---

ANTHONY JOHNSON, Philadelphia, PA, pro se.

JEFFREY D. KLINGMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DOUGLAS K. MICKLE.

---

Before PROST, *Chief Judge,* NEWMAN, and DYK, *Circuit Judges.*

PER CURIAM.

Anthony Johnson appeals the judgment of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction. Johnson also appeals the Court of Federal Claims' denial of his motion to amend his complaint as futile because the additional asserted claim was also beyond the court's jurisdiction. We *affirm*.

BACKGROUND

Between January and October of 2015, Johnson filed three civil suits in the United States District Court for the Eastern District of Pennsylvania. In these cases, Johnson alleged that various state and federal judges had conspired to rule against him in the past due to his race. Each of these cases was dismissed by the district court judge for failure to state a claim. In response to these dismissals, on December 14, 2015, Johnson filed a complaint in the Court of Federal Claims, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), alleging that these dismissals constituted a tort because they exhibited a systematic pattern of summarily dismissing civil rights cases filed by African Americans. The complaint names U.S. District Court Judges Alejandro, O'Neill, and Rufe, U.S. Court of Appeals for the Third Circuit Clerk of Court Waldron, and the United States, as defendants.

In the complaint, Johnson alleged two causes of action. First, Johnson alleged that the defendants engaged in a tort by "manipulat[ing] . . . procedural due processes . . . governing the summary dismissal protocols [] [f]or the unlawful purpose of eliminating the gu[a]ranteed right to a jury trial of African Americans suing white federal officers of the Court." JA 8. Second, Johnson alleged that the defendants engaged in a tort by "secretly misusing" taxpayer monies "for the purpose of

sabotaging the right to a jury trial." JA 9. According to Johnson, this misuse also amounted to a breach of fiduciary duty by the United States as a trustee of taxpayer funds.

On February 26, 2016, Johnson moved to amend his complaint by supplementing, as an additional allegation, the fact that Judge O'Neill issued an order requiring Johnson to show cause on why an injunction should not be issued to prevent him from filing additional lawsuits raising the same subjects as the cases that had already been dismissed by the district court in 2015.

The Court of Federal Claims dismissed Johnson's complaint. First, the court noted that "claims made under the Federal Tort Claims Act are outside of our court's subject-matter jurisdiction." JA 16. Second, with respect to the misuse of taxpayer funds, the court noted that Johnson failed to specify how the funds were misused. Finally, with respect to Johnson's motion to amend his complaint, the court denied the motion as futile because reviewing the actions of a federal district court is beyond the jurisdiction of the Court of Federal Claims.

Johnson appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review *de novo* a decision by the Court of Federal Claims to dismiss for lack of jurisdiction. *Radioshack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009).

Even apart from the impropriety of bringing a tort claim against the government for actions of federal judges in their decision-making capacities, it is clear that the Court of Federal Claims lacks jurisdiction over claims against the government under the FTCA. *See* 28 U.S.C. § 1491(a)(1). "The plain language of the Tucker Act

[which created Court of Federal Claims jurisdiction] excludes from the Court of Federal Claims jurisdiction claims sounding in tort." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Therefore, the Court of Federal Claims correctly dismissed Johnson's tort claims for lack of jurisdiction.

On appeal, Johnson argues that the United States breached its fiduciary duty by misusing taxpayer funds. Taxpayers lack standing to sue for alleged misuse of tax funds. *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134–36 (2011).

Finally, with respect to Johnson's motion to amend his complaint to supplement allegations concerning a district court injunction, we agree that "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

**AFFIRMED**

COSTS

No costs.