NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**D. J. DONNELLY, DBA TRIUMPH DONNELLY STUDIOS LLC,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2018-1846

_____

Appeal from the United States Court of Federal Claims in No. 1:18-cv-00235-RHH, Senior Judge Robert H. Hodges, Jr.

_____

Decided:  August 10, 2018

_____

D. J. DONNELLY, Seneca, SC, pro se.

JESSICA COLE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM, CHAD A. READLER.

_____

Before LOURIE, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM.

D.J. Donnelly, doing business as Triumph Donnelly Studios LLC, ("Donnelly") appeals from the decision of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction.  We *affirm*.

## BACKGROUND

On February 14, 2018, Donnelly filed suit in the Court of Federal Claims under the Federal Tort Claims Act, alleging that the United States Postal Service engaged in negligent and tortious conduct when it lost "confidential movie materials" that he sent via Priority Mail.  Donnelly sought damages in the amount of $50,000.

On April 9, 2018, the Court of Federal Claims sua sponte dismissed Donnelly's complaint for lack of subject matter jurisdiction.  Appellee's App. 32.  Therein, the court explained that it lacks jurisdiction to address claims submitted under the Federal Tort Claims Act.  *Id*. (citing 28 U.S.C. § 1491(a) (2011)).

Donnelly timely appealed.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo a decision by the Court of Federal Claims to dismiss for lack of jurisdiction.  *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009).

The Court of Federal Claims is a court of limited jurisdiction.  *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997).  The Tucker Act confers jurisdiction on the Court of Federal Claims over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive

department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). By its express terms, therefore, the Tucker Act excludes tort claims from the Court of Federal Claims' jurisdiction. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Indeed, the Federal Tort Claims Act provides that district courts have exclusive jurisdiction over tort claims. *See* 28 U.S.C. § 1346(b)(1); *see also Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) ("The Court of Federal Claims is not a district court of the United States . . . .").

Donnelly's claims—"negligence, careless conduct and wrongful tortious conduct"—are all causes of action that sound in tort. Appellee's App. 1; *see Rick's Mushroom Serv.*, 521 F.3d at 1343 ("A claim for professional negligence is a tort claim."). Because the Court of Federal Claims lacks jurisdiction to consider tort claims, the court properly dismissed Donnelly's complaint. *See Brown*, 105 F.3d at 623.

On appeal, Donnelly argues that the government was required to file an answer before the court could dismiss his case. Appellant's Br. 2. To the contrary, however, a court may sua sponte address a challenge to its own jurisdiction at any time. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). In deciding whether there is subject matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *Id.* (quoting *Shearin v. United States*, 992 F.2d 1195, 1195–96 (Fed. Cir. 1993)). The Court of Federal Claims correctly applied this standard, explaining that, because Donnelly submitted claims under the Federal Tort Claims Act, "[e]ven if plaintiff's allegations in the complaint are true, they do not give rise to a cause of action over which this court has subject-matter jurisdiction." Appellee's App. 32.

Donnelly also argues that the trial court failed to consider that his claim has now been denied four times—once by the Court of Federal Claims and three times by administrative bodies. Donnelly attached documents relevant to those other proceedings as exhibits to his complaint, and submits that the Court of Federal Claims erred by failing to fully review these exhibits. Appellant's Br. 2. Neither argument has merit.

First, the fact that other administrative bodies have denied Donnelly's claim is insufficient to confer jurisdiction on the Court of Federal Claims. To establish jurisdiction, a plaintiff must identify a money-mandating source of law that fits within the Tucker Act's jurisdictional grant. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself."). The Court of Federal Claims correctly concluded that Donnelly failed to do so.

Second, although Donnelly suggests that the Court of Federal Claims failed to thoroughly review the exhibits he attached to his complaint, he provides no support for this allegation. Nor does he demonstrate how those exhibits support his argument that the court erred in dismissing his complaint. In any event, as previously discussed, because Donnelly's claims sound in tort, the Court of Federal Claims correctly concluded that it lacked jurisdiction to consider them.

## CONCLUSION

We have considered Donnelly's remaining arguments and find them unpersuasive. We therefore *affirm* the Court of Federal Claims' decision dismissing Donnelly's complaint.

## AFFIRMED