NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEVIN LLEWELLYN MCGHEE,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1082

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00629-MHS, Judge Matthew H. Solomson.

---

Decided: April 6, 2022

---

KEVIN LLEWELLYN MCGHEE, Florissant, MO, pro se.

CATHARINE PARNELL, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, CLEVENGER and HUGHES, *Circuit Judges*.

PER CURIAM.

Kevin Llewellyn McGhee appeals the United States Court of Federal Claims' dismissal of his complaint for lack of subject matter jurisdiction. *See McGhee v. United States*, 155 Fed. Cl. 380 (2021). Because Mr. McGhee's claims are outside the Court of Federal Claims' jurisdiction, we affirm.

I

Before his medical retirement on January 20, 2015, Mr. McGhee served as a United States Army Lieutenant Colonel and a dual-status military technician and chaplain with the Missouri Army National Guard ("MOANG"). *McGhee*, 155 Fed. Cl. at 382–83. On April 19, 2019, he filed this suit in the Court of Federal Claims, alleging that MOANG failed to pay him incapacitation pay pursuant to 37 U.S.C. § 204. *Id.* at 383. Mr. McGhee later expanded his claims to include additional requests for monetary relief. *Id.* at 384. In total, Mr. McGhee claims he is entitled to: (1) additional incapacitation pay for the period of May 4, 2013 to November 8, 2013 pursuant to the Military Pay Act, 37 U.S.C. § 204;[1] (2) compensation for discrimination pursuant to the Uniformed Services Employment and

---

[1]    Mr. McGhee originally sought incapacitation pay for the period of May 4, 2013 to January 20, 2015. *McGhee*, 155 Fed. Cl. at 383. Because this claim was already pending before the Army Board for Correction of Military Records ("ABCMR"), the Court of Federal Claims granted the government's unopposed request for a remand. *Id.* The ABCMR granted Mr. McGhee partial relief, concluding that he is entitled to incapacitation pay from November 9, 2013—the earliest date on which he applied for incapacitation pay—to January 20, 2015. *Id.* Mr. McGhee maintains he is entitled to additional incapacitation pay for the period of May 4, 2013 to November 8, 2013. *Id.*

Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301–4335; (3) disability retirement pay annuity under the Federal Employees' Retirement System ("FERS"), 5 U.S.C. § 8451; and (4) compensation for federal and military whistleblower retaliation pursuant to provisions of the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302, and the Military Whistleblower Protection Act ("MWPA"), 10 U.S.C. § 1034. *McGhee*, 155 Fed. Cl. at 384.

The government moved to dismiss these claims for lack of subject matter jurisdiction and the Court of Federal Claims granted the motion. *Id.* at 387. Mr. McGhee appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

II

We review *de novo* the Court of Federal Claims' decision to dismiss a case for lack of subject matter jurisdiction. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013). As the plaintiff, Mr. McGhee bears the burden of establishing the court's jurisdiction by a preponderance of the evidence. *Id.* While we hold pro se plaintiffs like Mr. McGhee to "less stringent" pleading standards compared to parties represented by counsel, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this leniency does not relieve them of jurisdictional requirements, *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Tucker Act defines the Court of Federal Claims' jurisdiction and "gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Instead, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Id.* "[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act." *Id.* at 1173.

### III

Although Mr. McGhee contends the Court of Federal Claims "had 'Jurisdiction'" over his claims, his informal brief cites only the Tucker Act for support and does not otherwise explain why jurisdiction is proper. For the reasons discussed below, the Court of Federal Claims correctly concluded it lacked jurisdiction over Mr. McGhee's claims.[2]

The Court of Federal Claims does not have jurisdiction over Mr. McGhee's claim for additional incapacitation pay. We have previously held that the governing statute is not money-mandating in such a case "because § 204 incapacitation pay beyond the initial six-month period is wholly within the [government's] discretion under § 204(i)(2)." *Barnick v. United States*, 591 F.3d 1372, 1378 (Fed. Cir. 2010). Here, where Mr. McGhee has already been granted incapacitation pay for a period of 14 months and 11 days, "[a]ny additional incapacitation pay under 37 U.S.C. § 204(g) is wholly at the discretion of the [government], and courts lack jurisdiction over such a claim." *Id.*

Moreover, under the governing statutes, jurisdiction for both USERRA and FERS claims lies beyond the Court of Federal Claims. The proper jurisdiction for a USERRA claim depends on the type of employer—State, federal, or private. *See* 38 U.S.C. §§ 4323(b), 4324(c)(1). Mr. McGhee, as a dual-status technician with MOANG pursuant to 32

---

[2]    On appeal, Mr. McGhee alleges for the first time that the incapacitation pay he received as a result of the ABCMR's decision was improperly taxed in violation of 26 U.S.C. § 104. Appellant Informal Br. at 13–15. Because he never pleaded any claim arising from this alleged violation, we do not reach this issue. *See Mass. Mut. Life Ins. Co. v. United States*, 782 F.3d 1354, 1369 (Fed. Cir. 2015) ("As a general principle, appellate courts do not consider issues that were not clearly raised in the proceeding below.").

U.S.C. § 709, is considered a State employee for USERRA purposes. 38 U.S.C. § 4303(4)(B); *see also* 20 C.F.R. § 1002.306. As such, jurisdiction over Mr. McGhee's USERRA claim lies with any "State court of competent jurisdiction in accordance with the laws of the State," 38 U.S.C. § 4323(b)(2), i.e., Missouri state court. With respect to his FERS claim, "[b]y statute, the authority to . . . adjudicate all claims arising under that retirement system rests with [the Office of Personnel Management]." *Stekelman v. United States*, 752 F. App'x 1008, 1010 (Fed. Cir. 2018) (citing 5 U.S.C. § 8461(c)).

Finally, we have previously held that neither the WPA nor the MWPA is a money-mandating statute. *Turner v. United States*, 129 F.3d 134 (Fed. Cir. 1997) ("[B]ecause the WPA does not provide for money damages, the Court of Federal Claims does not have jurisdiction to review these claims."); *Nicely v. United States*, 23 F.4th 1364, 1367 (Fed. Cir. 2022) ("Reviewing this statutory scheme [set forth by the MWPA], we have held that the MWPA is not a money-mandating statute and that the Claims Court does not possess jurisdiction to entertain MWPA claims." (citing cases)). The absence of a money-mandating source is fatal to the Court of Federal Claims' jurisdiction over Mr. McGhee's whistleblower claim. *Fisher*, 402 F.3d at 1173.

## CONCLUSION

Because Mr. McGhee's claims are outside the jurisdiction of the Court of Federal Claims, we affirm.

## **AFFIRMED**

## COSTS

No costs.